Appellant, Mr. Kramer for the Appellant, Ms. Levin for the Appellate. Good morning, Your Honors, and may it please the Court. It seems apparent to me that three circuits, the 2nd, the 7th, and the 9th, would reverse this case, essentially, almost summarily. The 8th Circuit, the only circuit that seems to have a different rule, the case in which the 8th Circuit set that forth, it doesn't even seem clear to me that they would follow what they said in that case, given the facts of this case, given that the facts in the 8th Circuit case of Mosby was so different. But here we have the Probation Office saying that Ms. Mathis-Gardner was a suitable candidate for early termination of supervisory release. The government coming in with even more than that and urging the District Court to grant the motion for early termination of supervisory release, and saying that she had clearly gone above and beyond what is required of a defendant as far as serving that term of supervisory release. What do you think that the District Court has an obligation to say in these kinds of cases? You're not saying that the District Court is obligated to have a hearing, right? No. I think a couple of the other cases, part of the one reason in the Gammarano case that the 2nd Circuit upheld the District Court's decision without much explanation was that there had been a hearing in which the factors had been discussed and explored. So I think that the District Court could set forth and say, I've considered the factors that are required under 3553A, the ones that are required for termination decision, or say, evaluating them under the factors of 3553A and then say why, when the government comes in and urges it and the Probation Office says it. I don't think, frankly, there's many more suitable candidates for early termination of supervisory release than Ms. Mathis-Gardner. You're not saying that it would be an abuse of discretion to have denied the motion, that we could just look at it and say, oh, it's an abuse of discretion. I think any judge would have to be compelled to grant this motion. No, I wouldn't go that far, but I would certainly go that there has to be some, in the circumstances of this case, you would have to know the reasoning behind denying the motion before, obviously, you could say it was not an abuse of discretion. On this record, with no reason at all, I think you could say it was an abuse of discretion. I understand that without knowing the District Court's reasoning, that might be hard, but it's also impossible to evaluate that on appeal without knowing the reasoning of the District Court. So under the circumstances, I haven't argued for a hard and fast rule, and I don't think the other circuits have set forth a hard and fast rule, but under the circumstances of this case, it seems to me that more was required. What that more was is, I think, a case-by-case, fact-specific circumstance. You had the motion. I have a question about the statutory language, which is that it seems to say under 3583E that the court may, after considering the factors set forth in 3553A, do several things. Terminate a term of supervised release, extend a term of supervised release, and may modify, reduce, or enlarge the conditions of supervised release, revoke a term of supervised release on 1, 2, and 3. But all of those are situations in which the term of supervised release is actually changed in some way. So it seems to me one way to potentially read this statute is to say, well, you have to consider, you can change the term of supervised release after considering the factors set forth in 3553A, but if you're not going to change the terms of supervised release, then you don't have to consider those factors, and you don't need to say anything. And I guess the reason would be that you're asking to change something that the judge thought about in the initial sentencing. And if there's not going to be any change to that, then the default rule is we just stay the same. You only have to go through the decisional calculus if, in fact, you're going to do something differently than you did at the outset. I think not for two reasons. 3583E1 says the court may, after considering the factors set forth, terminate a term of supervised release. If you're saying that if the court's deciding not to terminate it, they don't have to consider these factors, I think that doesn't make sense in the sense that it seems to me, and the government doesn't argue that, I don't think, by the way, they didn't argue that below or in this court, that 3583E1 does not apply to the decision either way the district court makes it, nor have any of the other. I think all the other courts of appeals have said it's clear that the 3553A factors that are set forth in 3583E1 apply to the decision. The other courts of appeals looked at the text very carefully, and it just seemed to leap out that it's talking about consideration in situations in which something changes, not in situations in which nothing changes, and you just keep the sentence that was imposed at the time of the original sentencing. The other thing I think is, even if that were true, which I don't think it is, I understand it would seem strange that you could terminate a term, have to consider these factors only to decide whether to terminate a term or not, but to make that decision, you have to consider those factors to begin with. It would be hard to say, district court, I decide not to terminate a term of supervised release, but I haven't considered any of these factors. Well, I guess what we're talking about is the extent to which the court has to set forth its reasoning. And one way to think about it is that the default assumption is that the court just continues to do what the court did before, because it took into account a bunch of stuff in deciding what the term of supervised release was going to be at the outset. And then the question is, is something emerged that causes the court to think that something's changed? And if not, what does the court have to do to explain that? And can I ask one practical question? Sure. Which is, what's the limitation on asking for a change in the conditions of supervised release after the initial period of, I guess you have to wait a year or something? Well, no, you can ask for a change in the conditions at any time. Okay. You can only ask for a termination. You have to have served a year to get it terminated. So could a person ask just every day, and if they ask every day, would the judge, under the rule that you're suggesting and that you think the other courts of appeals have, have to explain every day? Ask every day to terminate it? Yeah, or to change it. Do something that begets an obligation on the part of the court to explain why the motion's being denied. I think theoretically, yes. I think somebody could. If there's no explanation, somebody could come back the next day and say, you didn't give me any explanation, please explain why. Or they could do, like in this case, an appeal. Or, no, I guess what I'm asking is, suppose they ask once and it's denied with explanation, and then every day thereafter they continue to ask and say, you know, the last 24 hours. I don't mean to belittle the point at all because I understand that this is a, that your client paints a sympathetic picture in many respects, but as the government even suggested below, but I'm suggesting a hypothetical in which the person asks, is denied with explanation, and then every day thereafter just says, you know, I've been really good for the last 24 hours. I need an explanation as to why I shouldn't get a change now. I think theoretically there's no barrier to that. I think practically there's lots of barriers to that, trying to get a lawyer to do that, first of all, on behalf of somebody. But theoretically, your argument would be that the court would always have to explain every time why it's denied. Well, I don't, I think it's a case-specific thing, and in this particular case, the second answer I was going to give you to 3583 is that this case, the word changed circumstances. Even the government said she's gone way above and beyond and urged the court. So to come in and just say 24 hours have passed and I've complied, I think technically there's no barrier to that, but I think practically it would be kind of silly on a practical level. If the court gave an explanation denying it the first time, said, well, for these reasons I'm denying it, and then 24 hours later the person files another motion and the judge says denied for the same reasons as I said, yesterday, would you say that would be sufficient or insufficient? I think that would be sufficient unless something monumental happened in that 24-hour period. And that would suggest that here the judge could say denied for the same reasons I said on my original sentencing. Well, there are no reasons in the original sentencing, though, in this case or generally in any case, except for a colloquy where the judge explained that what he was worried about is deterrence of other individuals. And that's why he said I'm going to give you community service. But the only way to effect that is to put the person on a term of supervised release. Supervised release wasn't even mentioned when the judge was talking about that. He said I want to deter others. I would have you do the community service first if I could. And I think the combination of the time in prison, the community service, and the restitution is sufficient in this case. Again, without mentioning the supervised release, that's just the mechanism. The only way a district court could say to somebody, do supervised release, but couldn't enforce that in any way. I mean, do community service, but couldn't enforce that in any way otherwise. So the community service, the district court didn't even mention it until, I'm sorry, the supervised release. The district court didn't even mention it until the end and said it's going to be three years so you can do this community service. And finally, the 3553A factors in this case, the ones that at least exist, several of them don't exist even. There are no policy statements by the Sentencing Commission. But all the others point towards that Ms. Mavis Gardner's terms should have been terminated. She fulfills almost every one of the ones in the judicial conference terms that have been set forth. She fulfilled all nine of those as well. So I think, Judge Wilkins, the answer is in this, whatever it might be, I don't think there is a fact-specific, it seems to me even the other circuits have employed a fact-specific evaluation in these cases to decide what explanation is enough. And I think when you have a couple of them, the government opposed the termination of supervised release, and even then the court said it wasn't enough. But here when you have the government urging it, you have no question that she's gone way above and beyond what was required of her, that a lot more is needed than that. How can we, if we were inclined to, if we have to give guidance to district courts so that they know when an explanation is required and when an explanation isn't required, what is it that you would propose that we say is normal? That there has to be an indication that the district court considered the factors in 3553A when it evaluated the 3583 motion. I mean, even the Gamarano court, the judge had issued an order in advance of the hearing saying here's the factors I know I need to consider. So an indication that the court has considered the factors and an indication of why the conduct of the defendant in the interest of justice in the case, either way against the termination, if you're asking how a court could deny the motion, why those factors point. And it doesn't need to be a long explanation, but to allow this court to evaluate it on an abusive discretion standard as well as to allow any other factors these courts have set forth is that the public perception of sentencing and the openness has to be some reason given. So especially in a case like this, I think, where the factors are so strong on behalf of the defendant and where the government has urged the district court to take the action, there has to be more. So I think an explanation, brief as it may be, of why. And a district court could say nothing's changed since the original sentencing, which I think was what was going on in one or two of the cases. And therefore there's no reason to reevaluate it, but a lot changed in this case. We don't have any idea why the district court denied this motion. I noticed one peculiarity in the motions that were filed here, and that is they're citing to 3564C, but everyone is talking about 3583. And I just wonder if you think that made any difference. That relates to early termination of probation. I think it may be just a mistake, frankly. I honestly don't know. I think it may be just a mistake. I mean, 3583 specifically applies to a supervised relief term. And it's clear that the cases that are being cited here are talking about 3583, but the motion cites a different statute. I had not noticed that, and I apologize, and I don't know the answer. Can I just ask one last question, which is what exactly, just in quick summary form, changed from the time of original sentencing to now? Because if you take as a given that someone's expected to comply with the original sentence, and that's not a change. The fact that somebody, I think it's commendable that somebody does everything that's expected of them. But what changed above and beyond compliance with the expectations set out in the original sentence? I'll give you two perspectives of that. The defendant's perspective and the government's. The government's perspective in their motion in response was that the defendant has gone above and beyond the court-ordered requirements. In addition to keeping up her treatment, she's fully faithfully participated in peer support through the probation office, which does not require volunteer time so that others may benefit from her difficult lessons learned. Her frank acceptance has not wavered and thoroughly committed to a different way of life. Maintained family and community support that will help her continue. Little or no risk of recidivism or harm to the community. That's all the government, actually. And then in the defense, page 21 of the appendix, defendant's appendix, it talks about she's active in her church. She has worked to get businesses in the community to hire ex-offenders. That was totally on her own, has arranged for other members of the community to make donations of books and magazines to Alderson where she had served her sentence. She's also worked with the probation office to develop a white-collar female ex-offender pilot program. Again, none of that, that's all apart from her community service. Then one of the letters submitted in support of the motion to terminate talked about how she had sponsored a young man for placement in one of the work programs. And the employer was writing what a great job Ms. Mathis Gardner had done and how well that had worked out for that young man. So I think all of those are the answer to your question. Thank you. May it please the Court. The statutory language of 3583E, especially when seen with the contrast from 3553C, which is for original sentencing, does not set forth the duty on district courts to explain why a motion for early termination of supervised release is denied. In 3553C and Federal Rule of Criminal Procedure 32, there are hearing and explanatory requirements, and this is sentencing, so that every sentencing a court has to hold a hearing and explain its reasoning. They were explicitly not incorporated into 3583E. But how can we review it if the district court doesn't tell us why? So I think in some cases it will be apparent from the record, and in this case it is apparent from the record, and in particular what the court said and did at sentencing. So what it said is its paramount concern was deterring others from defrauding the government, and that, in its view, required some jail time plus community service. But this is very important for how it imposed that community service. It said it imposed the community service through the supervised release, the three years, with a special condition requiring that 120 hours be performed for each of the three years. So it wasn't 360 — it didn't just order 360 hours. It said 120 hours in year one, 120 hours in year two, 120 hours in year three. So by the time when the defendant filed her motion, this condition could not have been completed, and thus denying it was not an abuse of discretion. But it sounds like from the answer to the question that we pose at the end, that the government itself had indicated in the district court that she did do things above and beyond what was expected in the original sentence. Her rehabilitative acts and a lot of what she did here is very commendable. And we believe, and we recommended below, that early termination be granted. But this is an area that district courts have broad discretion, and it disagreed, and the standard of review is very deferential. And so we don't think when you consider the deferential standard of review, there's enough here to go back to the district court to say that they're there. But if it would be one thing, I think, if what was put forward was essentially what was expected as of the original sentence, then you might be able to assume that even if the district court doesn't explain its reasons, that the reason it's denying is the reasons that it set out in putting forward the original sentence to the extent we can glean them from the record. But if the motion puts forward additional considerations that go above and beyond even by the government's own estimation, then how can we just assume that the reason that the motion was denied is grounded in the original sentence? If somebody brings forward something and says, look, something's radically changed? Well, I understand the court's concern that there's some speculation here. And we think it's clear, like, just from the way the 120 hours are spread out. But if this court disagrees, what we would recommend in this case is just a limited remand in which it asks the district court, why did you deny this motion, and with a very quick timeframe, like, say, 21 days, at which time the mandate would be recalled to this court, because she has less than 10 months left on her supervised release. And I think that maybe after we got that explanation that they would dismiss their appeal, but otherwise the court could resolve it quickly. What we're concerned about, the government's concerned about, is not as much the circumstances of this particular case. There's a lot unusual going on here, to say the least. But what we're concerned about is what the court says is the duty of district courts to explain. And we do not want the court to set forth a hard and fast legal rule saying you must explain your reasoning in every case, even where all the arguments are frivolous, even where there's nothing new, even where they're bringing these up all the time. We think such a duty would be needlessly burden district courts. Do you think that just having the court say, I considered the factors, is too much of a burden? I don't think that's especially burdensome. I don't know if that really aids appellate review too much, but it's not especially burdensome. Do you think it's actually required that the court consider the factors, even in circumstances in which it denies modification rather than grants it? I think the factors that are set forth are inherent in considering the interests of justice. And it's hard to see what else it would be considering when it would be considering this motion. But I think to the extent it's sort of repeating in its mind what it said it's sensing, did it's sensing, where it considered those factors, they often are one and the same. Again, to go back to the statutory language, in 3583E, it only says if you're going to terminate it, you have to consider. In 3553C, it also says you have to explain your reasoning. So we find that statutory difference to be very important. There's a case that wasn't cited by either party in your briefs. It's called U.S. v. Lafayette. It was decided by this court in 2007. And it involved a review of a motion for modification of a sentence under 3582C, I think it was. But it's 3582. For all intents and purposes, the provisions were the same as this provision in 3583E. In that case, we said in commenting about whether there was an abuse of discretion, we said that basically that the court had given enough of an explanation for us to find our words, that the district court's decision was more than adequate to demonstrate that it considered the party's arguments and had a reasoned basis for exercising its own legal decision-making authority. That's how we describe what the district court had done there in affirming the district court's denial of the motion. Why shouldn't that be the standard that we use in this case? I'm not familiar with Lafayette. But in terms of the question, I think that to the extent the court is requiring an explanation, that sounds like a not especially onerous one, which would make sense when there is one. Just in particular, in contrast to what the other options are, that you have to set forth findings of fact, which it doesn't require in sentencing, and it shouldn't require here. But if it's going to conduct appellate review, something to show why it considered the party's arguments and rejected them makes sense to the government. What in the judgment and commitment order or the sentencing shows that the court wanted to have 120 hours at least done every year for three years as opposed to 360 hours at a rate of 120 per year to just basically designate kind of a floor for what the defendant should do? It's most clearly set forth at page 257 of the supplemental appendix. I'll read the court. This is the special condition on the supervised release where it says, you will perform 360 hours of community service during the three years of your supervised release at a rate of 120 hours a year in a program that will be supervised and approved by U.S. probation. In our view, that's pretty clear that it wanted 120 hours a year, and apparently on the view that making her visible in the community for longer would have a greater deterrent effect. That's reading a lot into it, but I understand your argument. If the court has any further questions, otherwise I urge you to affirm. Mr. Kramer, we used up all of your time, but we'll give you two minutes. Thank you. I just want to talk about the 360-hour and say a couple of things. She had completed the 360 hours, as probation said, and she was continuing to do community service. The government never argued in the district court when they urged it to grant this motion that that meant, when the district court said 360 hours, everybody, I think, interpreted that to mean at least 120 hours per year. But I'm not going to make you do all 360 hours the first year. You can do it 120 hours, a minimum of 120 hours per year if you need to spread it out over three years, 120 hours per year. Probation didn't interpret it to mean you had to do 120 hours each year because they said she was eligible for termination. The government didn't interpret it as having to do 120 hours a year because they urged the district court to grant the motion. And in their appellate brief, they barely allude to this issue in one sentence. And I've never seen it interpreted that way in any district court. It's always been to allow the defendant to have, when a court imposes a substantial amount of community service, as 360 hours is, to say you don't have to do it all in the first year. You can spread it out over the term of supervised release if that's best. So that's an argument that was never made below. Probation didn't think that applied below. And they barely alluded to it in their appellate brief. And now they're arguing that as their main point, it seems. So that's my answer to that. Thank you very much for the extra time. Thank you. The case will be submitted.
judges: Brown, Srinivasan, Wilkins